ROBERTSON, Justice:
This appeal is from an order of the Circuit Court of Lee County affirming a decision of the Workmen’s Compensation Commission in favor of claimant, Sam W. Benson.
The attorney-referee had found that the disability resulting from the injury was a temporary aggravation of a pre-existing condition which had, or should have, subsided within six months from the date of the injury with no residual permanent disability. He, therefore, ordered the payment of compensation for temporary total disability from November 9, 1965, the date of the injury, to May 10, 1966.
The Workmen’s Compensation Commission, by a two-to-one vote, found that the attorney-referee was in error in limiting the payment of compensation for temporary total disability to a period of six months. The Commission found that:
“The record in this case clearly shows that the claimant was injured on the job and that said injury arose out of and in the course of his employment with the employer. The record further shows that the claimant has not been able to work since said injury and is now totally disabled. The record further shows that he has not reached maximum medical recovery and is in need of further medical attention, all of which is amply supported by medical evidence.”
The Commission then ordered that the employer - and insurance carrier pay the claimant compensation benefits for temporary total disability for the period beginning November 9, 1965, and “thereafter until such time that the claimant reaches maximum medical recovery and/or his condition becomes static and a re-evaluation has been made therefor. * * * ”
The claimant, Dr. Malcolm Moore, a general practitioner, and Dr. Houston Franks, an orthopedic surgeon, were the only witnesses who testified and they were all called by the claimant. Both Dr. Moore and Dr. Franks testified that the disability began on the date of the injury, namely, November 9, 1965, and that claimant was not able to go back to manual labor at the time they last examined him. Dr. Franks, the specialist, testified that he could not say with any degree of certainty when Benson might reach maximum medical recovery.
The injury occurred when the claimant was attempting to reach and pick up some rubber lawn-mower tires in the bottom of a bin. He was standing on tiptoe leaning *769 over into the bin with the side of the bin pressing- against his stomach. As he was about to withdraw with five of these small tires on his right arm, his feet slipped and he fell forward and would have fallen completely into the bin except that the side of the bin caught him, as he expressed it, just above where his legs joined his body. His lower left back began to ache and he has been disabled from performing any manual work since.
Dr. Franks found that he had considerable muscle spasm in the lower back and that the amount that claimant had could not be faked. Dr. Franks testified:
“Q. Now, what does that muscle spasm indicate to you?
A. Well, there’s some underlying irritation or trouble with the muscles or joints of the back, or the nervous system of the spinal cord and nerve roots. One or the other.
Q. Now, Doctor, in your examinations of Mr. Benson, did you find any evidence or anything that would lead you to believe that he had a prior existing, or pre-existing, handicap or lesion or injury to the structures of the bones or joints?
A. No.
Q. Now, did his history reveal to you as you took that history that his difficulty stemmed from his injury on the job of November 9, 1965?
A. Well, that’s when he began having trouble.
Q. Now, when did you last examine Mr. Benson?
A. On January 3, 1967.
Q. Did you find any change in his symptoms ?
A. Not basically. There’s still a lot of muscle spasm in the low back, actually without any neurological change into his legs. Actually, no symptoms into his legs now.

Q. Is he at this time physically able to return to manual labor?
A. No, I don’t believe he is.
Q. Do you have any judgment as to when he might reach his maximum medical improvement?
A. Not with any degree of certainty on my part.”
The claimant testified that he was not able to work, that he could not bend or stoop, that there are dead spots on the outside of his left leg extending from mid-thigh to mid-knee, and that he suffers some weakness in his right arm.
As we have said many times before, the Commission is the fact-finding body. There is substantial evidence supporting the decision of the Workmen’s Compensation Commission. The order of the circuit court affirming the order of the Workmen’s Compensation Commission is, therefore, affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON and INZER, JJ-, concur.